UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION



RUBEN DE LEON, JR.

    PETITIONER,

VS.

UNITED STATES OF AMERICA

    RESPONDENT.

§ CASE NO. 5:11-cv-179
§ 5:04-CR-317

---

OBJECTIONS TO

FINDINGS AND RECOMMENDATIONS OF THE

UNITED STATES MAGISTRATE JUDGE

---

    Comes Now, petitioner Ruben De Leon Jr., pro se, with his objections to the Magistrate Judge's Findings and Recommendations for his §. 2255 Motion.

    Petitioner argues and objects to:

1) The Magistrate Judge's conclusion that the Government did not breach the plea agreement thus denying him due process to have received the terms stipulated in that agreement.

2) The Magistrate Judge's conclusion that the Government's two level enhancement for "Obstruction of Justice" coupled with his indictment and one year consecutive sentence for violation of 18 U.S.C. § 3146(a)(1) does not constitute double jeopardy.

## BREACH OF PLEA AGREEMENT

Statistics indicate that 97% of all Federal cases are resolved by a Guilty Plea Agreement. This is an accepted Judicial Procedure that prevents additional Governmental and Court costs for a conviction.

Accordingly the second most difficult decision a defendant makes, barring cooperation, is whether to plead guilty or go to trial. Pleading guilty can result in mitigation of the case based upon relevant conduct factors, role adjustment, acceptance of responsibility and other sentencing guideline issues.

The Federal Rules of Criminal Procedure under Rule 11 requires full disclosure of the terms of the plea bargain and the defendant is permitted to enter a guilty plea only if knowingly and voluntarily with the advice of competent counsel. See Tollett v. Henderson, 411 U.S. 258, 263 (1973).

On May 27, 2004, the petitioner pled guilty to the possession-with-intent-to distribute charge (count two) pursuant to a written CONDITIONAL Plea Agreement with the Government.

Among the terms of the Plea Agreement the Government AGREED to recommend a reduction in the defendant's guideline range based on early acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Also this Plea Agreement did not include a waiver of the defendant's right to appeal.

A Rule 11 Hearing is then entered as part of the Public Record that the defendant has knowingly and voluntarily entered a plea of guilty to the charge(s). In the defendant's entering into a plea agreement he will not pursue a trial and also looses other Constitutional Rights by doing so.

Guidelines § 3E1.1 provides for a decrease of up to three levels if defendant accepts responsibility for his offense.
U.S.S.G. § 3E1.1(a). "If a defendant enters a guilty plea prior to trial, truthfully admits the conduct comprising the offense and admits, or at least doesn't falsely deny any additional relevant conduct for which he is accountable,

the court may find significant evidence of the defendant's acceptance of responsibility." United States v. Medina-Anicacio, 325 F 3d 638, 648, (5th Cir. 2003); See U.S.S.G. §3E1.1, comment (n.3).
On the other hand and understandably, conduct such as obstructing justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct". U.S.S.G. § 3E1.1 comment (n.4)

At the time the defendant entered into his Plea Agreement no charge of Obstruction of Justice under 3C1.1 was filed in the case at hand (5:04-cr-317).

The defendant was released on bond and failed to show up for his Sentencing Hearing on November 2, 2004 and was later arrested on June 19, 2009.

The Government moved to charge the defendant in case number 5:08-cr-1720 for failure to appear at his Sentencing Hearing in violation of 18 U.S.C. § 3146(a)(1).

On August 4, 2009 the defendant pled guilty to that charge <u>without a plea agreement</u>.

Now the Government came forth with a two (2) level upward adjustment for Obstruction of Justice added on to the defendant's original drug case number 5:04-cr-317. This was in addition to the defendant's failure to appear offense case number 5:08-cr-1720.

The District Court held the Sentencing Hearing on both cases on January 12, 2010.

The defendant had a base level of 30. The Government applied a 2+ increase for Obstruction of Justice. Then applied the safety-valve reduction for a first time offender with a revised offense level of 30, at a criminal history category I, resulting in a recommended guideline range of 97 to 120 months. Defendant was sentenced to the low end of the guideline range, as requested by the Government, of 97 months. Then an additional 12 months consecutive sentence for the failure to appear case number 5:08-cr-1720, was added for a total of 109 months.

" A review of the Record shows that at sentencing the District Court clearly stated at the onset that it would not grant De Leon a reduction for acceptance of responsibility because De Leon's conduct in failing to appear for his sentencing in 2004 did not warrant it." (See Cr. Dkt 61 at 7-8). " The District Court also had enhanced De Leon's sentence under § 3C1.1 for Obstructing the Administration of Justice."

Page 7, Paragraph 1 of The Findings and Recommendation of the United States Magistrate Judge.

The fact is that at the Sentencing Hearing for both cases on January 12, 2010 the Government removed and reneged on its CONDITIONAL Plea Agreement to not allow the reduction for acceptance of responsibility. So in open court the Government announced the breach of the Plea Agreement.

Accordingly the Government has control over the giving or not giving of up to 3 points for acceptance of responsibility and this becomes part of the Plea Agreement.

Citing <u>United States v. Castaneda</u>, 162 F 3d 832; Dec. 9, 1998 (5th Cir.) the following:

Nonprosecution agreements, like plea bargains, are contractual in nature, and are therefore interpreted in accordance with general principles of Contract Law.

<u>United States v. Moulder</u>, 141 F 3d 568,571 (5th Cir. 1998).
<u>United States v. Ballis</u>, 28 F 3d 1399, 1409 (5th Cir. 1994).
<u>United States v. Fitch</u>, 964 F 2d 571, 574 (6th Cir. 1992).
<u>United States v. Brown</u>, 801 F 2d 352, 354 (8th Cir. 1986).

Under these principles, if a defendant lives up to his end of the bargain the Government is bound to perform its promises.

<u>United States v. Tilley</u>, 964 F 2d 66, 70 (1st Cir. 1992).

Once again this is a tool in the Government's Plea process. The majority of defendants receive the full 3 points for acceptance of responsibility due

to the fact that they pled guilty to the charge(s) and did not pursue any other action such as a Suppression Hearing or Evidentiary Hearing in which the Government will withhold one point because of the time and expense as if they had prepared for trial.

In the case at hand the defendant did not go to trial and knowingly and intelligently Pled guilty to the charge and accepted responsibility for his crime.

The defendant had a problem with the expected time for the crime and decided to not face sentencing and became a fugitive.

Either way ... if the defendant had been sentenced on November 2, 2004 or five years later the defendant had still pled and admitted to the guilt of crime.

Being in Prison now shows the defendant is accepting the responsibility of his offense. And during the time the defendant was a fugitive he did not pursue any other criminal activity and this shows a gesture of good faith.

The Government's breach of the Plea Agreement with the denial of 3 points for acceptance of responsibility and an upward departure of 2 points for Obstruction of Justice became more prejudicial than if the defendant had gone to trial.

Now with a second charge of "failure to appear" being a consecutive sentence with his original drug charge this automatically triggers Rule 11(c)(5) to give a defendant an opportunity to withdraw his guilty plea and renegotiate a better plea.

By breaching the Plea Agreement the Government denied the defendant due process of the terms stipulated to apply a 3 point reduction for acceptance of responsibility and the defendant sufferd a longer sentence.

(5)

## OBSTRUCTION OF JUSTICE

First of all a clarification should be made in the case at hand to distinguish the relevant conduct and the actual facts.

Obstruction of Justice is a serious criminal charge that in all aspects implies interference conducted by the defendant to lie, falsefy documents and harm a criminal investigation.

The defendant had already pled guilty and thus his case was closed and a cold case with the investigation concluded.

The defendant ran and did not show for his Sentencing Hearing but in no way did he ever hamper the Government's investigation or conduct of the prosecutor's case.

Moreover, note 4 of U.S.S.G.§ 3E1.1 states that "conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeading the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct........"

The defendant failed to appear for sentencing and the District Court enhanced De Leon's sentence under § 3C1.1 for "OBSTRUCTING THE ADMINISTRATION OF JUSTICE."

This is more an act of Contempt of Court where a defendant is subject to a sentence and a fine, or both.

The Government charged the defendant by indictment in case number 5:08-cr-1720 for failure to appear at his Sentencing Hearing in violation of 18 U.S.C. § 3146(a)(1) with a sentence of 12 months to run consecutive with his drug case number 5:04-cr-317.

By an enhancement of 2+ in his drug case and a 12 month sentence for failure

to appear in his second case the Government has punished the defendant twice for the same criminal activity in what is called MULTIPLICITY.

Punishment can not be applied in another area where it has already been applied and accounted for. This is mutiplicious and constitutes Double Jeopardy.

## CONCLUSION

The defendant should receive a 5 point reduction in his sentence because of the Government's breach of the Plea Agreement and enhancement for Obstruction of Justice that was not warranted.

This would put the defendant's sentencing at level 25-- 57-71 months. Plus his 12 months consecutive sentence for failure to appear putting his sentencing in a range of 81-95 months.

Applying the Government's recommendation in the Plea Agreement for the low end of the sentencing guidelines level the defendant should receive a sentence of 81 months.

Defendant prays the Court will review the facts and correct his sentence accordingly.

Respectfully Submitted,

*Ruben De Leon Jr*

Ruben De Leon Jr.

DATE: 6/4/2013

RUBEN DE LEON JR.
# 32375-179
FCI SEAGOVILLE
P.O. BOX 9000
SEAGOVILLE, TEXAS, 75159-9000

LEGAL MAIL ::::::

6-4-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
1300 VICTORIA ST. STE, 1131
LAREDO, TEXAS 78040

JUN 07 2013
David J. Bradley, Clerk
Laredo Division

